Linda STREET and Jesse Dewayne WICKLIFFE *v.* STATE of Arkansas

CR 97-1 and CR 96-108                    959 S.W.2d 744

Supreme Court of Arkansas
Opinion delivered January 21, 1998

PER CURIAM. In our order issued January 16, 1998, we issued a bench warrant for the arrest and immediate detention of A. Wayne Davis, counsel for Appellant Linda Street, pursuant to Davis's failure to appear before this court on January 15, 1998, to show cause why he should not be held in contempt for his failure to perfect Street's appeal in a timely manner. *See Street v. State,* 330 Ark. 853, 956 S.W.2d 866 (1997) *(per curiam); Street v. State,* 331 Ark. 138, 957 S.W.2d 187 (1998) *(per curiam).*

Similarly, we had previously issued an order requiring Davis, as counsel for Appellant Jesse Dewayne Wickliffe, to appear before this court on October 16, 1997, and show cause why he should not be held in contempt for his failure to perfect Wickliffe's appeal in a timely manner. *See Wickliffe v. State,* 330 Ark. 97, 952 S.W.2d 144 (1997).

■ A hearing was conducted on each of these matters on this date, during which this court granted Davis's motion to have the issues in each case resolved simultaneously. Davis then entered pleas of guilty for his failure to perfect both appeals. We accepted Davis's guilty pleas and, pursuant to the request of Davis and his attorney, John Wesley Hall Jr., we have agreed to allow Davis the opportunity to submit to this court affidavits in mitigation for his failure to perfect the appeals, provided that such affidavits are filed with the clerk of this court by 5:00 p.m., January 27, 1998. The matter will be taken under advisement pending the receipt of the affidavits.

■ Additionally, Davis entered a plea of not guilty to the failure to appear before this court as scheduled at 9:00 a.m. on January 15, 1998, and offered an explanation for his absence. Notwithstanding, we find Davis to be in direct contempt of this court for his failure to appear as scheduled. We will, however, permit Davis to submit an affidavit in mitigation (if he so desires) as to the finding of contempt, provided that such affidavit is filed with the clerk of this court by 5:00 p.m., January 27, 1998. We will reserve any decision as to the appropriate sanction for the contempt pending the receipt of such affidavit.

We further direct the Sheriff of Pulaski County to release Davis from custody, resulting from our bench order issued on January 16, 1998, subject to any other outstanding detainers or warrants, if any, of which the Sheriff is aware.