Linda STREET; Jesse Dewayne Wickliffe *v.* STATE of Arkansas

CR 97-1; CR 96-108                                959 S.W.2d 747

Supreme Court of Arkansas
Opinion delivered February 12, 1998

*A. Wayne Davis*, for appellants.

No response.

PER CURIAM. The procedural backgrounds in each of these matters are set forth in several opinions previously delivered by this court. *See Street v. State*, 331 Ark. 139, 959 S.W.2d 744 (1998) (*per curiam*); *Street v. State*, 331 Ark. 138, 957 S.W.2d 187 (1998) (*per curiam*); *Street v. State*, 330 Ark. 853, 956 S.W.2d 866 (1997) (*per curiam*); *Wickliffe v. State*, 330 Ark. 97, 952 S.W.2d 144 (1997) (*per curiam*). Attorney A. Wayne Davis, counsel for both Appellants, Linda Street and Jesse Dewayne Wickliffe, appeared for a hearing before this court on January 21, 1998, to show cause why he should not be held in contempt for failing to perfect the appeals in both cases and for his failure to appear before this court as scheduled on January 15, 1998.

During the hearing conducted on January 21, 1998, we accepted Mr. Davis's guilty pleas for failing to perfect the two appeals, and we found him to be in direct contempt of this court for his failure to appear as previously scheduled. On both issues, however, we permitted Mr. Davis to submit an affidavit in mitigation, which was received by the clerk of this court on January 27, 1998. Pending the receipt of the affidavit, we took the matter under advisement.

Mr. Davis stated in his affidavit that he had been grossly negligent in failing to better manage the affairs of his office. He stated that he had been away from his office for two months in the latter part of 1996 because of surgery. He stated further that he had been arrested in August 1997 on criminal charges arising out of Pulaski County, which had consumed a great deal of his time. Despite these explanations, Mr. Davis accepted full responsibility for failing to timely perfect the appeals for both Street and Wickliffe.

■ Based upon the foregoing, we hold that Mr. Davis is in contempt for failing to perfect both Appellants' appeals in a timely manner and we fine him $250 on each case. We further sentence Mr. Davis to five days in the Pulaski County jail, with credit for five days having already been served by him. Although Mr. Davis has previously been referred to the Committee on Professional Conduct, a copy of this opinion will likewise be forwarded to the Committee.