IN RE: Kenneth George FUCHS
(Arkansas Bar ID # 81063)

02-1234                                    109 S.W.3d 669

Supreme Court of Arkansas
Opinion delivered June 5, 2003

PER CURIAM. On November 15, 2002, the Supreme Court Committee on Professional Conduct filed a petition in this court asking us to find attorney Kenneth George Fuchs in contempt for willful disobedience of the Committee's orders issued on September 3, 2002, and two subpoena *duces tecum* issued by the Committee. The procedural history of this case is set out in *In Re: Fuchs*, 351 Ark. 384, 93 S.W.3d 695 (2002) (*per curiam*), and *In Re: Fuchs*, 351 Ark. 618, 96 S.W.3d 734 (2003) (*per curiam*).

Mr. Fuchs appeared before this court on January 23, 2003, during which time he pled not guilty to the contempt charge and asked that a master be appointed to hear evidence in his case. This court appointed the Honorable Judge John Plegge as master. Judge Plegge set a hearing in this matter for March 6, 2003. Mr. Fuchs acknowledged receipt of notice of that hearing by e-mail. Nonetheless, Mr. Fuchs failed to appear at the hearing. Later that same date, he claimed that he had been prevented from attending the hearing by an emergency medical condition. He then asked that the hearing be rescheduled, so that he could present evidence.

Judge Plegge granted the request and set the hearing for April 30, 2003. Notice was given to Mr. Fuchs by U.S. Mail, to both his office and his residence, and e-mail. The findings of fact issued by Judge Plegge reflect that mail to both addresses had not been returned undelivered. As with the previous hearing, Mr. Fuchs failed to appear at the April 30 hearing. Mr. Fuchs failed to provide any explanation as to why he failed to appear. The last known contact with Mr. Fuchs was on March 20, 2003, when he sent an e-mail to the Committee's Executive Director, Stark Ligon, stating that he was going out of town with his children the following week, but that he could attend a hearing after his return.

Despite his absence, a hearing was held on April 30, during which the Committee presented evidence. Judge Plegge filed his findings of fact with this court on May 20, 2003. Among the findings made by him were the following:

16. In Committee Case No. 2002-005, on a complaint by Susan Summers, by final Order entered September 3, 2002, Mr. Fuchs was ordered to pay restitution of $500.00 to the Arkansas

Supreme Court Clerk for the benefit of Susan Summers. No part of this sum has been paid.

17. In Committee Case No. 2002-009, on a complaint by Paul Wayne McFall, Sr., by final Order entered September 3, 2002, Mr. Fuchs was ordered to pay a fine of $1,000.00 to the Arkansas Supreme Court Clerk. No part of this sum has been paid.

18. In Committee Case No. 2002-031, a Per Curiam referral by the Supreme Court in a case involving Warren Looney, by final Order entered September 3, 2002, Mr. Fuchs was ordered to pay a fine of $500.00 to the Arkansas Supreme Court Clerk. No part of this sum has been paid.

19. There is no evidence that Mr. Fuchs is unable to make at least some partial payment on these Committee final Orders entered September 3, 2002.

20. There is evidence that Mr. Fuchs was able to afford and take a trip, which is established as having been to the New York State home of his mother, in late March, with two of his children and a friend of one of them.

21. Evidence presented at the April 30 hearing establishes that Mr. Fuchs received $24,000 in gross settlement funds from State Farm Insurance Company on February 28, 2003, for his client R.G., and deposited all but $300 of the total sum into his personal bank account at First State Bank of Conway on that date.

22. There is no evidence that Mr. Fuchs was unable to make at least some partial or full payment on these Committee final orders after February 28, 2003, when he received settlement funds of $24,000, in which he had an attorney's fee.

23. Mr. Fuchs is in contempt for willfully disobeying the three orders recited above of the Arkansas Supreme Court Committee on Professional Conduct, and specifically has violated Section 27.A of the Supreme Court Procedures Regulating Professional Conduct of Attorneys at Law (Rev. 2002) with regard to each of these three orders.

Judge Plegge's findings also reflect the Committee had attempted to conduct an investigation into Mr. Fuchs's attorney trust account, after receiving two overdraft notices in March 2002. Pursuant to its investigation, the Committee issued two subpoenas *duces tecum* for the production of the trust account records. Judge Plegge then made the following findings on this issue:

27. There is no evidence that Mr. Fuchs ever took any action to quash either subpoena duces tecum.

28. While producing some of the bank records described in the subpoenas to the Executive Director by fax on October 17, 2002, Mr. Fuchs has failed to produce all trust account bank records described in the two subpoenas.

29. Mr. Fuchs has failed to show any reason why he has not fully complied with the two subpoenas, or the Court's Per Curiam Order entered January 30, 2003, directing him to produce all such bank records at the contempt hearing.

30. Mr. Fuchs is in contempt of the Arkansas Supreme Court for willful disobedience to the subpoenas of May 13 and July 10, 2002, from the Committee on Professional Conduct, pursuant to Section 27.A of the Supreme Court Procedures Regulating Professional Conduct of Attorneys at Law (Rev. 2002).

Finally, Judge Plegge concluded: "Mr. Fuchs is in contempt of the Arkansas Supreme Court for willful disobedience to the Court's Per Curiam Order entered January 30, 2003, to appear before this Master at hearing(s) to be set by the Master for taking of evidence for the Court in this matter."

■ ■ We accept and adopt the master's findings, and we hold Mr. Fuchs in contempt for willfully disobeying the orders of this court and its Committee. Upon a finding of contempt, this court may punish by incarceration, imposition of fine, or both. *See In Re: Williams*, 338 Ark. 479, 995 S.W.2d 349 (1999) (citing Section 2(C)(6) of the Procedures Regulating Professional Conduct, and *Street v. State*, 331 Ark. 443, 959 S.W.2d 747 (1998) (*per curiam*)). In this case, we hereby order the Arkansas State Police to take immediate custody of Mr. Fuchs and deliver him forthwith to the Pulaski County Detention Facility, where he shall be held until such time that he pays the restitution and fines as provided in the Committee's order of September 3, 2002, and until he provides the Committee with the bank records as ordered by this court in its *per curiam* opinion of January 30, 2003. Furthermore, Mr. Fuchs is suspended from the practice of law in this state until such time that he satisfies the foregoing requirements.

It is so ordered.

CORBIN, J., not participating.